## DEJONGE v. MAGONE, Collector.

(*Circuit Court, S. D. New York.* February 17, 1890.)

CUSTOMS DUTIES—CLASSIFICATION—FANCY PAPERS.

> Certain fancy papers known as "velvet paper" and "embossed paper," used in the manufacture of boxes, to cover trunks, and for similar uses, *held* to be dutiable, under Schedule M of the tariff act of March 3, 1883, (Tariff Index, 392,) as "all other paper not specially enumerated or provided for," at twenty-five per centum *ad valorem*, and not dutiable as "manufactures of paper," at 15 per centum, under the same schedule, (Id. 388.)

The plaintiffs in May, 1888, imported certain merchandise into the port of New York, consisting of fancy papers, known as "velvet paper" and "embossed paper," upon which the defendant, collector of the port, assessed a duty of 25 per centum *ad valorem*, under Schedule M of the tariff act of 1883, (Tariff Index, 392,) which reads as follows:

"Paper hangings, and paper for screens or fire-boards, paper antiquarian, demy, drawing, elephant, foolscap, imperial, letter, note, and all other paper not specially enumerated or provided for in this act, twenty-five per centum *ad valorem*."

The plaintiff protested, claiming that such merchandise was dutiable at only 15 per cent. *ad valorem*, under the same schedule of the same act, (Id. 388,) which provides for "paper, manufactures of, or of which paper is a component material, not specially enumerated or provided for in this act, fifteen per cent. *ad valorem*." This suit was brought to recover the alleged excessive duty. The merchandise in suit had gone through several processes of manufacture beyond those known in the art of ordinary paper-making, and upon machines not used in ordinary paper-mills. The embossed paper is an imitation of morocco or leather, and its use is for covering trunks, boxes, etc. The velvet paper is manufactured from ordinary white printing paper, by putting on sizing, and throwing thereon wool or flock, which adheres thereto, and which gives it an appearance similar to velvet. This latter paper is sometimes used upon walls, and sometimes in the manufacture of paper boxes, albums, etc. In trade and commerce these articles are known as belonging to the class of "fancy papers," and are placed under that designation in trade catalogues.

*Comstock & Brown*, for plaintiff.

*Edward Mitchell*, U. S. Atty., and *Henry C. Platt*, Asst. U. S. Atty., for defendant.

LACOMBE, J., (*orally charging jury.*) The question which will come to you is an extremely brief one. These articles, before the plaintiff, or the person from whom he obtained them, bestowed his labor and care upon them, were respectively either manilla paper, or machine finished book paper,—a variety of the kind of paper which is known as "printing paper." To that manilla or printing paper there has been applied a considerable amount of labor and material, and considerable expense has been incurred for work done upon it. The plaintiff claims that this

labor has been continued to such an extent as to entitle us to regard the result as a "manufacture of paper." The supreme court has laid down the convenient rule that, in order to constitute an article a manufacture of another, the labor bestowed upon it must be carried to such an extent as to transform it into an article which has a different character, name, or use from the article that it was in the first place. *Hartranft* v. *Wiegmann*, 121 U. S. 609, 7 Sup. Ct. Rep. 1240. From the evidence here, there is in my mind little doubt—and I so charge you—that the article, which has been produced by the application of this labor, is of such a different character or use that it may fairly be considered as a manufacture of the manilla paper or of the printing paper which was the stock out of which it was made; and so, too, if it were a question as to wall-paper, what we have heard with regard to the labor bestowed upon that is sufficient to show that in use and character it is so changed that it also should fairly be regarded as a manufacture of paper. This particular article imported here would therefore be dutiable, as the plaintiff claims, under the 388th paragraph of the tariff act, as a manufacture of paper, unless it is elsewhere covered by some other expression in that act. You are, of course, aware that in preparing these tariff acts congress frequently legislates with regard to varying or similar rates of duty upon different varieties of the same general class of articles; and then, at the close of the provisions for those special varieties, quite frequently uses comprehensive words to cover those various subclasses and divisions of the article which have not been specifically provided for. So, here, in the schedule beginning with "Books, papers," etc., congress has enumerated "paper suitable for printing paper, sized or glued;" and also, "printing paper, unsized;" and it has also provided for "sheathing paper." It has then provided, in paragraph 391, for "paper hangings, and paper for screens or fire-boards; paper, antiquarian, demy, drawing, elephant, foolscap, imperial, letter, note, and all other paper not specially enumerated or provided for in this act,"—a certain rate of duty. The defendant claims that this particular article imported here is included within the terminology of that paragraph, because it provides in general terms for "all other paper not specially enumerated" in the tariff act; and that is the question, upon the evidence, which you are to determine. Was this article, in the trade and commerce of this country, when congress legislated in 1883, a variety of paper? In other words, if the committee of congress that framed this act and reported it to congress had turned to the trade and commerce of this country in 1883, and had asked that trade for a comprehensive list of all kinds of paper known to them, and dealt in commercially as such, would paper like this have been included in such list? If the commerce of the country had furnished to the committee of congress, in answer to such a request, a list of all the kinds of papers known to that trade, would such list have enumerated articles like these? If so, then they are covered by the phrase, "all other paper," in paragraph 392; the collector was right, and the defendant is entitled to a verdict. If, on the other hand, an article such as this would not have been included in that list at that time, then the plaintiff,

having established by the proof that they are manufacturers of paper, is entitled to your verdict.

The jury returned a verdict for the defendant.